RECNC*250923PM0231 MDG7-ATH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATHENS DIVISION

TAMMY DANIEL, individually

Plaintiff,

v.                                    Civil Action No. 3:25-cv-00112-TES

ELECTRICAL COMPONENTS INTERNATIONAL, INC.,

a Delaware Corporation,

CERBERUS CAPITAL MANAGEMENT, L.P.,

a Delaware Limited Partnership,

PROMARK ELECTRONICS, INC.,

a Canadian Corporation,

JARED KNECHT, individually,

BRANDON KNECHT, individually,

PETER KNECHT, individually,

PETER JOHANSSON, individually and

CHARLES GILSTRAP, individually

Defendants.

_____/

**PLAINTIFF'S MOTION TO DISQUALIFY BAST AMRON LLP AS COUNSEL OF
RECORD — OR, IN THE ALTERNATIVE, FOR TAILORED RELIEF ENFORCING
<u>ADMISSION AND PROFESSIONAL-CONDUCT RULES</u>**

Plaintiff Tammy Daniel, proceeding pro se, moves to disqualify the law firm Bast Amron LLP (and its attorneys, including Jeffrey P. Bast and Tanisha M. Wright) from serving as counsel

1

of record for Defendants in this wrongful-death action. In the alternative, Plaintiff requests tailored relief to cure ongoing prejudice (striking noncompliant filings; prohibiting extra-record contact; ordering compliance with admission rules; and referring misconduct for discipline). In support, Plaintiff states:

## I. INTRODUCTION AND RELIEF REQUESTED

1. Disqualification is warranted because: (a) Bast Amron is now an adverse party to Plaintiff in a separate federal action filed by Plaintiff against the firm that arose from the firm's conduct in this case; (b) the firm's own lawyers are likely necessary witnesses on disputed facts in this case; and (c) the firm's actions reflect noncompliance with admission/local rules that has already affected the administration of justice for a pro se widow.

2. These circumstances create a nonconsentable personal-interest conflict that materially limits counsel's representation and risks tainting these proceedings; at a minimum, they justify narrower remedies to protect the fairness and integrity of this case.

Requested Relief. Plaintiff respectfully asks the Court to (i) disqualify Bast Amron from further participation as counsel in this action; or (ii) alternatively, (a) strike filings signed before admission and any extra-record communications; (b) bar direct contact with Plaintiff outside properly noticed filings; (c) require immediate compliance with all admission/local rules; and (d) refer the matter to the Court's disciplinary authority.

## II. BACKGROUND AND PROCEDURAL POSTURE

3. Plaintiff filed and is prosecuting this wrongful-death action in the Athens Division under Case No. 3:25-cv-00112-TES. The Amended Complaint (filed August 5, 2025) identifies the parties and asserts Georgia-law claims arising from the death of Plaintiff's husband, Orlando Ramon Daniel.

4. Plaintiff proceeds individually and alleges the Defendants' conduct caused emotional distress culminating in Mr. Daniel's death and loss of consortium.

### III. THE SEPARATE FEDERAL LAWSUIT AGAINST BAST AMRON

5. On September 19, 2025, Plaintiff filed Daniel v. Bast Amron LLP, Case No. 3:25-cv-00150-TES (Athens Division), asserting claims for unauthorized practice, fraud/misrepresentation, abuse of process, and related relief, arising from Bast Amron's conduct connected to this wrongful-death case. *See* **Exhibit A.**

6. The complaint alleges, inter alia, that Bast Amron:
    - Emailed Plaintiff directly on or about August 22, 2025, claiming to be "general counsel" in this case and demanding a Rule 26(f) conference before filing any notice of appearance or obtaining admission in this Court;
    - Signed a Motion to Dismiss on September 2, 2025 while not admitted; and
    - Caused a subpoena to be served on Plaintiff in unrelated Florida litigation on September 3, 2025.

    These acts are alleged to be retaliatory and to have harassed and prejudiced Plaintiff.

7. The complaint further alleges these acts violate Georgia Rule of Professional Conduct 5.5, O.C.G.A. § 15-19-51, and this Court's Local Rule 83.1.

### IV. LEGAL STANDARD

8. Federal courts possess inherent authority and local-rule power to manage attorney conduct, enforce admission requirements, and disqualify counsel when necessary to protect the integrity of proceedings. Disqualification is a strong remedy but is appropriate where a conflict or counsel misconduct threatens the fair and efficient administration of justice.

9. Under the Georgia Rules of Professional Conduct (applied to attorneys appearing in this Court), a concurrent conflict exists where there is a significant risk the representation will be materially limited by a lawyer's personal interests. See Rule 1.7(a)(2). Additionally, the advocate-witness rule generally prohibits an attorney from acting as advocate where the lawyer is likely to be a necessary witness on a contested issue. See Rule 3.7(a).

## V. ARGUMENT

**A. The firm's simultaneous status as adverse litigant to Plaintiff in a related federal case creates a personal-interest conflict that materially limits its representation here.**

10. Plaintiff's separate suit seeks damages and injunctive relief against Bast Amron for its conduct tied to this case. The firm's immediate, substantial personal stake in defeating Plaintiff in that case diverges from, and risks overshadowing, its duties to its client(s) in this case. The firm's strategic decisions (e.g., how to frame facts about communications, filings, and subpoenas; whether to concede errors) are materially limited by the need to protect the firm and its lawyers from liability and reputational harm. That conflict exists now, not hypothetically.

11. Because this conflict belongs to the lawyers themselves, it is not cured merely by client consent; and even if consent were possible, the Court should protect the process where counsel's personal interests risk tainting these proceedings involving a pro se widow.

**B. The advocate-witness problem is already apparent: Bast Amron's lawyers are likely necessary witnesses on contested issues intertwined with this case.**

12. Whether and when Bast Amron's attorneys communicated with Plaintiff, held themselves out as "general counsel," signed filings, or caused a Florida subpoena to be served are contested factual issues that matter here (e.g., to scheduling, sanctions, and credibility). Their first-hand testimony—not argument—may be required. That makes the attorneys likely witnesses, disqualifying them from serving as advocates under Rule 3.7.

4

**C. Independent of conflict, the Court should address admission / local-rule compliance and the prejudicial effect on a pro se litigant.**

13. The record in the separate suit alleges Bast Amron sent advocacy communications and signed filings before any appearance or admission, and used process in another jurisdiction to pressure Plaintiff. Those allegations invoke Local Rule 83.1 and UPL concerns and warrant corrective orders even if the Court declines to disqualify the firm.

D. The cumulative effect of these issues threatens the fair and efficient administration of justice in this case.

14. The combination of a live, adverse lawsuit between Plaintiff and opposing counsel; advocate-witness concerns; and alleged rule-compliance deficiencies—especially against a pro se litigant—undermines public confidence and imposes concrete prejudice (confusion, intimidation, and diversion of resources). Tailored relief or disqualification is needed to safeguard the proceedings.

## VI. REQUESTED RELIEF

For these reasons, Plaintiff respectfully requests that the Court enter an Order:

A. Disqualifying Bast Amron LLP (and its attorneys Jeffrey P. Bast, Tanisha M. Wright, and any other firm lawyers) from serving as counsel of record in this action; or, in the alternative,

B. Striking any filings signed before admission and any extra-record advocacy communications involving Plaintiff;

C. Prohibiting direct contact with Plaintiff other than through properly filed papers and noticed conferences;

D. Requiring immediate compliance with all admission and local-rule requirements; and

E. Referring the matter to the Court's disciplinary authority for whatever action it deems appropriate.

5

## VII. CERTIFICATE OF CONFERENCE / LOCAL-RULE COMPLIANCE

Plaintiff certifies that she attempted to confer with opposing counsel via email regarding the relief requested herein on September 24, 2025, but no agreement could be reached. (If required, Plaintiff will supplement with details consistent with the local rules.)

Respectfully submitted,

Dated: September 24, 2025

_____
Tammy Daniel
Pro Se Plaintiff