IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TAMMY DANIEL, individually<br><br>*Plaintiff*,<br><br>v.<br><br>ELECTRICAL COMPONENTS INTERNATIONAL, INC., *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>3:25-cv-00112-TES |

**ORDER**

Before the Court is Defendant Electrical Components International, Inc.'s ("ECI") Motion to Dismiss [Doc. 9] seeking to dismiss Plaintiff Tammy Daniel's ("Daniel") Amended Complaint [Doc. 4] on multiple grounds.

**BACKGROUND**

Plaintiff filed her Amended Complaint on August 5, 2025. [Doc. 4]. The Amended Complaint alleges several claims against Defendant ECI, including wrongful death, intentional infliction of emotional distress, and loss of consortium. *See* [*Id.*].

Plaintiff was married to Orlando Ramon Daniel ("Decedent") until he unfortunately passed away at the age of 42. [*Id.* at ¶¶ 5, 19]. Before his untimely death, Decedent was employed by ByoPlanet Internation, LLC ("ByoPlanet"). [*Id.* at ¶ 19]. In April of 2020, ByoPlanet entered into a supply agreement with Promark Electronics, Inc.

("Promark"). [*Id.* at ¶ 11]. This agreement required a $1.5 million deposit before Promark would initiate production. [*Id.*]. Plaintiff alleges that Peter Johansson and Jared Knecht, both officers at Promark, orchestrated a "fraudulent kick-back scheme to enrich themselves at the expense" of the employees of ByoPlanet. [*Id.* at ¶¶13, 18]. Plaintiff then asserts that both ECI and Defendant Cerberus Capital Management LP ("Cerberus") were complicit in "allowing the sale from Promark to proceed without proper due diligence and continuing . . . to benefit from the ongoing fraud." [*Id.* at ¶13]. Plaintiff furthermore contends that ByoPlanet's failure to keep up with payments for goods delivered to Promark and subsequent rising debt led to ByoPlanet halting production of its products and downsizing its business in June 2021. [*Id.* at ¶ 15].

As told by Plaintiff, in May 2021, ByoPlanet entered into a new agreement without board approval or legal oversight with ProMark. [*Id.* at ¶ 18]. This new contract "provided further opportunities for ProMark due to the negligence of COO Peter Johansson and CEO of Promark Jared Knecht." [*Id.*]. Plaintiff accuses this internal upheaval and financial turmoil of causing Decedent to experience an immense amount of emotional and psychological distress. [*Id.* at ¶ 19]. Plaintiff alleges that "these persistent emotional burdens placed significant strain on [Decedent's] mental and physical well-being, ultimately contributing to heart failure that tragically ended his life…" and that his death was "the direct result of a sustained emotional trauma and distress induced by the Defendants' misconduct." [*Id.*].

## SHOTGUN PLEADING

The Court must first note that Plaintiff's Amended Complaint is a shotgun pleading. So far, the Eleventh Circuit has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* To explain the Court's concern with Plaintiff's Amended Complaint as drafted, the inherent issue in this type of pleading is that the district court, as well as all named defendants, must "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

The burden to draft a rule-compliant, comprehensible pleading rests solely upon plaintiffs. *Bryant v. Norfolk S. R.R.*, No. 5:20-cv-00225-TES, 2020 WL 5521044, at *5 (M.D. Ga. Sept. 14, 2020). The onus to "sift through facts presented" to determine which factual allegations apply to which claims should never fall to a defendant or to a district court. *Id.*; *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1385 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible

allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading."). While the Court does not strike Plaintiff's Amended Complaint, it does note that Plaintiff made the Court's job notably more difficult.

## **LEGAL STANDARD**

When ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), district courts must accept the facts set forth in the complaint as true. *Twombly*, 550 U.S. at 572. A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are

not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

*grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## **DISCUSSION**

Defendant ECI's first contention is that Plaintiff's wrongful death claim should be dismissed for several reasons. First, ECI argues that the Court need not reach the merits of Plaintiff's wrongful death claim because the statute of limitations has run. In Georgia, the applicable statute of limitations for a wrongful death action is two years and accrues at death. *Miles v. Ashland Chem. Co.*, 261 Ga. 726, 727-28 (1991). In this case, Plaintiff omitted the date of Decedent's death from her Amended Complaint. However, courts may take judicial notice of obituaries. *Crews v. Pfizer, Inc.*, No. 2:21-CV-00868-RDP, 2021 WL 5040493 (N.D. Ala. Oct. 29, 2021). Decedent's obituary shows that he passed away on April 12, 2022. *See* [Doc. 9-1].[1] Based on that date, the applicable statute of limitations expired on April 12, 2024. Plaintiff originally filed this action on July 16,

---

[1] *See also* https://jacksonmcwhorterfuneralhome.com/obituaries/orlando-r-daniel-sr/.

2025, making it late by more than a year. *See* [Doc. 1]. Because the statute of limitations expired over a year ago, Plaintiff's wrongful death claim must be dismissed.

Even assuming this action had been filed in a timely manner, Plaintiff's wrongful death claim nonetheless fails on the merits. The essential elements of a negligence claim are (i) the existence of a legal duty to the plaintiff, (ii) breach of that duty by the defendant, (iii) a causal connection between the defendant's conduct and the plaintiff's injury; and (iv) damages. *Stadterman v. Southwood Realty Co.*, 865 S.E. 231, 233 (Ga. Ct. App. 2021). In this case, Plaintiff did not assert even the most basic elements of a negligence claim. It would be a stretch beyond reason to conclude that Plaintiff has established that ECI owed a duty of care to Decedent. In fact, Plaintiff's Amended Complaint is almost devoid of any mention of ECI or its involvement in any alleged scheme. There are simply no facts to support ECI's involvement in Decedent's death. Plaintiff's bald assertion that "ECI and Cerberus were complicit allowing the sale of Promark . . . without any proper due diligence and continuing to benefit from the ongoing fraud" is simply not sufficient to survive the pleading standard as required by Fed. R. Civ. P. 8(a).[2] [Doc. 4, ¶ 13]. Without more, it is difficult to imagine how ECI, the parent company of Promark, was even aware of Decedent's employment with

---

[2] Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

ByoPlanet or how a contract dispute between its subsidiary and ByoPlanet could injure Decedent. Because Plaintiff's Amended Complaint lacks any factual basis to support a claim for wrongful death against ECI, Plaintiff's wrongful death claim should be dismissed.

ECI next argues that Plaintiff's claim for intentional infliction of emotional distress ("IIED") should be dismissed. A person is liable for IIED when he "by extreme and outrageous conduct" intentionally or recklessly causes severe emotional distress or resulting in bodily harm to another. *Kimsey v. Akstein*, 408 F. Supp. 2d 1281, 1306 (N.D. Ga. 2005) (quotations omitted) (citations omitted). Critically, the conduct complained of "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Cornelius v. Auto Analyst, Inc.*, 222 Ga. App. 759, 762 (1996). Plaintiff has not met her burden of proving such conduct in this case. In fact, Plaintiff's Amended Complaint fails to allege that ECI or any of its employees were aware of the Decedent's employment with ByoPlanet or that ECI should have foreseen that the contractual disputes between the parties would cause injury to ByoPlanet's employees. Since a clear link between ECI's conduct and the Decedent cannot be established, it would defy logic to find that ECI's alleged conduct rose to the level of extreme and outrageous conduct necessary to support a claim for IIED. As such, Plaintiff's claim for IIED must be dismissed.

Finally, ECI argues that Plaintiff may not bring a claim for loss of consortium. Under Georgia law, an independent cause of action for loss of consortium due to a tortious injury does not exist when death is instantaneous as all rights are merged in the wrongful death action. *Walden v. Coleman*, 124 S.E.2d 313, 314 (Ga. Ct. App. 1962). If the spouse whose consortium was lost would not have had a tort claim against the defendant, then a derivative claim for loss of consortium does not exist. *White v. Hubbard*, 416 S.E.2d 568, 569–70. In the instant case, the Decedent does not have a tort claim against ECI. Because Decedent has already passed away, Plaintiff may not now assert an independent cause of action for loss of consortium, as any such claim would merge with her wrongful death claim. *Walden*, 124 S.E.2d at 313. Accordingly, Plaintiff may not successfully bring a claim for loss of consortium.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** ECI's Motion to Dismiss [Doc. 9]. Accordingly, Defendant ECI is **HEREBY DROPPED** as a party to this lawsuit. Any and all future filings should reflect this ruling.

**SO ORDERED**, this 17th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**