IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TAMMY DANIEL, individually<br><br>    *Plaintiff*,<br><br>v.<br><br>ELECTRICAL COMPONENTS INTERNATIONAL, INC., *et al.*,[1]<br><br>    *Defendants*. | CIVIL ACTION NO.<br>3:25-cv-00112-TES |

**ORDER**

On October 17, 2025, the Court afforded Plaintiff Tammy Daniel ten days to show cause why her claims against Defendants Cerberus Capital Management, LP, Promark Electronics, Inc., Jarred Knecht, Brandon Knecht, Peter Knecht, Peter Johansson, and Charles Gilstrap (collectively "Defendants") should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). *See* [Doc. 21].

Plaintiff responded to the Court's show cause order [Doc. 21] on October 27, 2025. *See* [Doc. 22]. In her response, Plaintiff claimed that service was effectuated on multiple defendants but failed to provide adequate proof that each defendant had actually been served. [*Id.* at p. 2]. On November 11, 2025, the Court held a hearing to gather more information about Plaintiff's alleged service attempts.

---

[1] On October 17, 2025, the Court granted Defendant Electrical Components International, Inc.'s Motion to Dismiss, thus removing them as a party to this action.

At the November 11 hearing, it became clear that Plaintiff had not, in fact, served any of the defendants with the sole exception of Defendant Electrical Components International, Inc. ("ECI"). ECI, however, was dismissed from the case on October 17, 2025. *See* [Doc. 20]. Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve each defendant with a copy of both the summons and the complaint unless the defendant waives service. *See* Fed. R. Civ. P. 4(c)(1), (d). Rule 4(m) requires a plaintiff to serve those copies upon a defendant within 90 days after the filing of the complaint. Thus, Plaintiff's deadline for serving Defendants with a copy of the summons and complaint passed on October 14, 2025.[2]

Given Plaintiff's failure to serve the remaining Defendants within the time affixed by the Federal Rules of Civil Procedure, the Court now **DISMISSES** Plaintiff's claims asserted against Defendants **without prejudice**. The Court directs the Clerk of Court to enter judgment closing this case.

**SO ORDERED**, this 10th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Where a Plaintiff files an amended complaint, the Eleventh Circuit has held that the ninety-day time period provided for in Rule 4(m) does not begin anew, unless the amended pleading adds a new defendant not previously named in the original complaint. *Haygood v. Orange Cnty. Pub. Sch.*, No. 616CV2105ORL37GJK, 2017 WL 4242035 (M.D. Fla. Sept. 25, 2017). Plaintiff added no new defendants in her Amended Complaint, thus her deadline to serve remains the same.